**FOR PUBLICATION**

<pre>
                        UNITED STATES DISTRICT COURT
                           DISTRICT OF NEW JERSEY
</pre>

------------------------------------------------------
REICHHOLD, INC.,                        :
                                        :
                  Plaintiff,            :        Civ. No. 03-453 (DRD)
                                        :
            v.                          :
                                        :
UNITED STATES METALS REFINING           :        **O P I N I O N**
COMPANY, et al.,                        :
                                        :
                  Defendants.           :
                                        :
------------------------------------------------------


EPSTEIN BECKER & GREEN, P.C.
William A. Ruskin, Esq.
Two Gateway Center, 12th Floor
Newark, New Jersey 07102-5003

*Attorneys for Plaintiff Reichhold, Inc.*


McCARTER & ENGLISH, LLP
William S. Greenberg, Esq.
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652

*Attorneys for Defendants United States Metal Refining Company, et al.*

1

**DEBEVOISE, Senior District Judge**

Plaintiff, Reichhold, Inc. ("Reichhold"), commenced this action on January 31, 2003[1] requesting legal and declaratory relief against Defendants pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-9675, as amended by the Superfund Amendments and Reauthorization Act of 1986, Pub.L. 99-499, 100 Stat 1613 (1986); and the New Jersey Spill Compensation and Control Act (the "Spill Act"), N.J. Stat. Ann. §§ 58:10-23.11 to 23.11(2).

Reichhold requests reconsideration or clarification of the August 13, 2007 Order (the "August Order") by which the Court dismissed "Plaintiff's claim for declaratory judgment relating to the Arthur Kill." Reichhold's claim for declaratory relief flows from its liability claims which seek recovery against Defendants for damages suffered and response costs incurred to correct and mitigate releases of hazardous substances from properties in or near Carteret, New Jersey (the "Site"). Reichhold seeks judgment against the Defendants for both principal and contributory liability, present and future.

The Court dismissed Reichhold's claim for declaratory relief to the extent it was based upon contribution liability because those claims are not yet ripe for adjudication; however, in crafting the August Order, the Court inadvertently left uncertain the status of the remainder of Reichhold's claim for declaratory relief. The Court has not dismissed all of Reichhold's claim

---

[1] The January 31, 2003 complaint named as a defendant only United States Metals Refining Company. The First Amended Complaint, filed in May 2004 (the "Complaint") named as defendants several additional entities affiliated with United States Metals Refining Company, including Cyprus Amax Minerals Company ("Cyprus Amax"). United States Metals Refining Company and those entities will be collectively referred to as "USMR" or "Defendants".

for declaratory relief and has only dismissed the portion of the claim which is based upon contribution liability under CERCLA § 113(f). Reichhold's claims under CERCLA § 107(a) for judgment of principal liability for remediation expenses already incurred by Plaintiff, if successful, will establish future principal liability, and, therefore, Reichhold may be entitled to a declaratory judgment for principal liability under Section 107(a). Thus, the declaratory relief claim, to the extent it is based upon Section 107(a), is ripe for adjudication.

Because the August Order is unclear, it will be vacated and superceded by an Order dismissing only the claim for declaratory relief as it relates to contribution liability under CERCLA § 113(f).

Defendants vigorously oppose this motion, arguing that the August Order was decided and stated correctly because, they contend, no claim in this case is ripe for declaratory relief. In order to address Defendants' arguments, the following background and discussion are provided.

## I. <u>BACKGROUND</u>

A. <u>The Site</u>

USMR owned real property in Carteret, New Jersey (the "Carteret Property"), and operated one of the world's largest secondary copper smelters and refineries from the turn of the century until approximately 1983. During USMR's ownership of the Carteret Property, slag and other metal contaminates may have been deposited throughout the western portion of the Carteret Property, which was later sold to Reichhold (the "Site"). Specifically, USMR stockpiled slag and other bulk material and operated a lead refining operation on the southern portion of the Site, which may have contributed to the contamination. It was believed that there was widespread

3

contamination at the Site consisting of lead and other metals resulting from the slag stored and disposed of at or near the Site.

Reichhold acquired the Site from USMR in 1960 and 1962. While conducting operations on the Site, including constructing and operating a chemical manufacturing facility, filling or grading activities and other activities, Reichhold may have discharged hazardous substances onto the Site and moved existing hazardous substances on the Site to previously uncontaminated areas of the Site. During the time when Reichhold was conducting operations on the Site, USMR continued to operate its copper smelter on its portion of the Carteret Property (the "USMR property").

In 1986 and 1987, Reichhold sold the Site in two separate transactions. In 1986, the southern portion of the Site was sold to BTL (the "BTL Parcel") and in 1987, the remaining northern portion of the Site (the "Staflex Parcel") was sold to Denka Chemical Corporation ("Denka"). During Denka's ownership, hazardous substances may have been released on the Staflex Parcel and hazardous substances may have been moved to previously uncontaminated areas of the Site.

**B.    Remedial Action**

In the mid-1980s, Reichhold began cooperating with the New Jersey Department of Environmental Protection ("NJDEP"), which was concerned that there were hazardous substances at the Site. In the 1990s, Reichhold approached USMR regarding the alleged contamination on the Site and a possible claim by Reichhold against USMR related to the contamination.

C. **The Claims**

Reichhold contends that Defendants are responsible for:

> widespread contamination at the Site consisting of lead and other metals as a result of slag which defendants stored, disposed of, caused to migrate or otherwise deposited on the Site, or caused to be emitted, discharged and/or released onto the Site from their metal refining and manufacturing operations on the property contiguous to the Site.

(Compl. ¶ 22). Reichhold alleges that because of the contamination caused by the Defendants, it has incurred and will continue to incur costs associated with the clean up. (Compl. ¶ 25).

On June 11, 2007, Defendants moved to dismiss "[p]laintiff's claim for declaratory relief relating to natural resource damages or restoration claims arising from metals and other hazardous substances in the Arthur Kill and in the soils and sediments adjacent to the Arthur Kill, and for such other and further relief as may be just and proper."

Reichhold argues that Defendants' motion to dismiss sought only the dismissal of the Natural Resource Damages ("NRD") declaratory judgment claims, and that the August Order improperly prevents Reichhold from seeking declaratory relief related to response costs arising from remedial obligations under CERCLA and the Spill Act.

The motion underlying the August Order, and the accompanying opinion (the "August Opinion"), focused on whether Reichhold may currently be entitled to a declaration of Defendants' liability for contribution related to remediation damages under CERCLA (which Reichhold may eventually be ordered to pay). The Court determined, correctly, that since no case is pending or threatened against Reichhold, such relief would be premature. Thus, the Court issued the August Order dismissing the "claim for declaratory judgment relating to the Arthur

5

Kill." This phrasing understandably caused confusion as to whether all declaratory relief had been dismissed from the action, or only that relief which was the subject of the motion (declaratory relief for contribution liability under CERCLA § 113(f)). The Court's reasoning remains the same, so the Court need not reconsider its decision, but will clarify the August Opinion and August Order.

## II. DISCUSSION

CERCLA is a broad remedial statute, enacted in 1980, to ensure that parties responsible for hazardous waste contamination "may be tagged with the cost of their actions." United States v. Bestfoods, 524 U.S. 51, 56, 118 S.Ct. 1876 (1998) (quoting S.Rep. No. 96-848, at 13 (1980), as reprinted in 1980 U.S.C.C.A.N. 6119).  As the Court explained in U.S. v. Atlantic Research Corp., "[t]wo provisions of [CERCLA]--§§ 107(a) and 113(f)--allow private parties to recover expenses associated with cleaning up contaminated sites." ___US___, 127 S.Ct. 2331, 2333 (2007), citing 42 U.S.C. §§ 9607(a), 9613(f). Under section 107(a), a party may seek recovery costs against any party principally liable for contamination. Id. at 2334. Under section 113(f), a principally responsible party ("PRP") may seek contribution against another PRP, but only after the contribution-seeking PRP has itself been sued under § 106 or § 107(a). Cooper Industries, Inc. v. Aviall Services, Inc., 543 U.S. 157, 161, 125 S.Ct. 577 Id. Under Sections 107(a) and 113(f), the court may enter a declaratory judgment regarding liability for future costs, but the ripeness threshold is different for claims seeking declaratory relief under each section.

### A. Declaratory Judgment For Contribution Under CERLCA § 113(f)

CERLCA does not specifically provide for declaratory relief for § 113(f) contribution

6

claims, so a party must satisfy the requirements of the Declaratory Judgement Act in order to be entitled to declaratory relief under section 113(f).  See D'Imperio v. U.S., 575 F. Supp. 248 (D.N.J. 1983).

As the Court described in detail in the August Opinion, a party seeking declaratory judgment establishing liability for contribution in the context of CERCLA must demonstrate the existence of an actual case or controversy.  28 U.S.C. 2201(a); Cardinal Chem. Co. v. Morton Int'l, Inc., 508 U.S. 83, 95 (1993).  "The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy."  Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941).  "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  Id.  Thus, "[w]hether there is an actual controversy within the meaning of the Act is a question which turns on the facts of each individual case."  Simmonds Aerocessories, Ltd. v. Elastic Stop Nut Corp. of Am., 257 F.2d 485, 489 (3d Cir. 1958).

Relying on D'Imperio, 575 F. Supp. at 248, the Court issued the August Order, dismissing the claims for declaratory judgment for contribution under CERLCA § 113(f) because Reichhold has not demonstrated that there is a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment for contribution under CERCLA § 113(f).

**B. Declaratory Judgment For Principal Liability Under CERLCA § 107(a)**

CERLCA provides for declaratory relief once the party seeking declaratory judgment establishes principal liability under Section 107(a). Kelley v. E.I. DuPont de Nemours and Co., 17 F.3d 836, 844 (6th Cir. 1994), citing 42 U.S.C. § 9613(g)(2). Under CERCLA, a party that has incurred response costs in cleaning up a contaminated site may, under defined circumstances, recover its costs from parties responsible for the contamination. Key Tronic Corp. v. United States, 511 U.S. 809, 814 (1994). CERCLA grants the executive branch, acting primarily through the EPA, "broad power to command government agencies and private parties to clean up hazardous waste sites." Id. This "broad power" may be exercised through a government-conducted cleanup, 42 U.S.C. § 9604(a)(1), followed by a cost recovery action, § 9607(a), or through a private party cleanup, § 9606. U.S. v. E.I. Dupont De Nemours and Co. Inc., 432 F.3d 161, 164-5 (3d Cir. 2005). Private parties may bring a cause of action against PRPs under CERCLA § 107(a). Id.

In U.S. v. Atlantic Research Corp., the Supreme Court explained that "[c]ourts have frequently grappled with whether and how PRPs may recoup CERCLA-related costs from other PRPs. The questions lie at the intersection of two statutory provisions-CERCLA §§ 107(a) and 113(f)." 551 U.S. ___, 127 S.Ct. 2331, 2334 (2007). A PRP may recover costs against other PRPs under § 107(a) without any establishment of liability to a third party. Id. at 238.

To be entitled to declaratory relief under § 107(a), a party need only prove liability for costs already incurred. U.S. v. USX Corp., 68 F.3d 811, 819 (3d Cir. 1995). "In providing for the recovery of response costs, Congress included language to insure that a responsible party's

8

liability, once established, would not have to be relitigated..." Id.  The entry of a declaratory judgment as to liability is mandatory, and the fact that future costs are somewhat speculative is "no bar to a present declaration of liability." U.S. v. USX Corp., 68 F.3d 811, 819 (3d Cir. 1995).

Thus, in this case, since Reichhold seeks to establish liability for clean-up costs already incurred, it is entitled to also seek a declaration of liability for future clean-up costs.

### III.  CONCLUSION

For the reasons set forth above, Reichhold's motion to clarify will be granted.  The court will enter an order implementing this opinion, granting Defendants' motion to clarify the August Order and dismissing without prejudice Plaintiff's claim for declaratory judgment related to the Arthur Kill, to the extent it is based upon contribution liability under CERCLA § 113(f).


/s/ Dickinson R. Debevoise
DICKINSON R. DEBEVOISE, U.S.S.D.J.


Dated:          November 15, 2007_____