**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

REICHHOLD, INC.,                             :
                                             :
      Plaintiff,                     :      Civ. No. 03-453(DRD)
                                             :
      v.                             :      **O P I N I O N**
                                             :
UNITED STATES METALS REFINING                :
COMPANY, et al.,                             :
                                             :
      Defendants.                    :
_____:

EPSTEIN BECKER & GREEN, P.C.
William A. Ruskin, Esq.
Sheila A. Woolson, Esq.
Two Gateway Center, 12th Floor
Newark, New Jersey 07102-5003
      Attorneys for Plaintiff Reichhold, Inc.

McCARTER & ENGLISH, LLP
William S. Greenberg, Esq.
Joseph R. Scholz, Esq.
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
      Attorneys for Defendants United States
      Metal Refining Company, et al.

**DEBEVOISE, Senior District Judge**

      Plaintiff, Reichhold, Inc. ("Reichhold"), commenced this action on January 31, 2003,

requesting legal and declaratory relief against United States Metals Refining Company

("USMRC") pursuant to the Comprehensive Environmental Response, Compensation and

Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-9675, as amended by the Superfund Amendments

and Reauthorization Act of 1986, Pub. L. 99-499, 100 Stat 1613 (1986); and the New Jersey Spill

Compensation and Control Act (the "Spill Act"), N.J. Stat. Ann. §§ 58: 10-23.11 to 23.11(2).

Reichhold sought damages from USMRC for its past and future costs to address and remediate metals and chlorinated volatile organic compounds ("CVOCs") contamination at the approximately 40-acre property formerly owned by Reichhold in Carteret, New Jersey (the "Site"). Reichhold also sought a declaratory judgment for future investigation and remediation costs both on the Site and adjacent areas in and around the Arthur Kill that Reichhold has been directed by the New Jersey Department of Environmental Protection ("NJDEP") to investigate and address.

During the period January 22 to March 4, 2009, the case was tried without a jury. After conclusion of the trial Reichhold moved pursuant to Fed. R. Civ. P. 26(g) and 37(C)(2) and 28 U.S.C. § 1927 for attorneys fees and sanctions. It seeks to recover attorneys fees and costs necessitated by : (1) USMRC's failure to meet its obligations under the Federal Rules of Civil Procedure in responding to Reichhold's Requests for Admissions and Interrogatories and (2) USMRC's vexations litigation and discovery abuses. Reichhold claims that it has determined that USMRC possessed at the outset information regarding its operations (including raw materials, waste products, emissions, use of and disposal on) on this Site or readily could have obtained it, had it made the reasonable inquiry required by Rule 36(a)(4). It asserts that due to USMRC's gamesmanship and obstructive discovery practices, Reichhold expended enormous costs, including attorneys fees and expert fees, in establishing during discovery and at trial the facts that USMRC either denied or claimed insufficient knowledge. Reichhold accuses both USMRC and its counsel of having acted in bad faith, ignoring their obligation to respond to Requests for Admissions, Interrogatories and deposition questions according to Court Rules.

Having already engaged in extensive court and regulatory encounters with New York and New Jersey authorities, USMRC had fully developed the facts concerning its operations and hazardous metals emissions; yet, according to Reichhold, USMRC claimed in response to Reichhold's Requests for Admissions that it did not "have sufficient information to admit or deny whether said substances were dispersed by industrial stack emissions" and that having made "reasonable inquiry," the "information now known or readily available to it is insufficient to enable USMRC to admit or deny whether said substances were dispersed by industrial air stack emissions and, if so, in what quantities." USMRC wholly denied using copper, lead, or compounds containing copper and/or lead in its operations.

In its moving papers Reichhold has set forth examples of its Requests for Admissions and USMRC's Responses. For example:

>    47. Copper or copper-containing compounds were used as part of Defendants' smelting, refining, or other metal processing works.

>    Response . . . USMRC denies that such substances were used as part of Defendants' smelting, refining, or other metal processing works.

>    58. Lead or lead-containing compounds were staged on, dispersed on deposited on, disposed of in the Site.

>    Response: Denied.

In light of subsequent discovery and evidence submitted at trial, it is now apparent that these responses were untrue.

The insufficiency of many of USMRC's Responses to critical Requests for Admissions were raised with Magistrate Judge Wigenton in March 2005, as will be recounted in more detail below. Instead of requiring USMRC to supplement its answers Judge Wigenton suggested that

the information be obtained by means of deposition testimony.  Reichhold took the deposition of

Eugene Donovan, the Hydroqual Project Manager responsible for USMRC's remediation, and

Anthony Filiaci, USMRC's senior environmental manager and Rule 30(b)(6) witness.  Reichhold

has included in its supporting papers portions of the deposition proceedings.  If these excerpts are

representative, it is evident that USMRC's two counsel effectively prevented Reichhold from

obtaining full and meaningful information which these witnesses obviously possessed.

Reichhold's brief sets forth its version of USMRC's counsel's conduct:

> "After advising Magistrate Judge Wigenton that the subject of plaintiff's requests
> to admit should be addressed to fact witnesses during deposition discovery,
> USMRC's counsel set about obstructing those very depositions.  USMRC's
> counsel attempted to prevent witnesses from answering proper questions.  This is
> clear from the deposition of Eugene Donovan, the Hydroqual Project Manager
> responsible for USMRC's remediation.
>
> …
>
> Similarly, when Anthony Filiaci, defendants' senior environmental manager and
> Rule 30(b)(6) witness was questioned concerning the facts underlying plaintiff's
> Requests to Admit, USMRC did its very best to obstruct the deposition.  Its
> counsel coached the witness to be as evasive and non-responsive as possible.
> During Mr. Filiacci's deposition, Mr. Scholz and Mr. Greenberg double-teamed
> plaintiff's counsel, making improper tag team objections.  In particular, they often
> objected to questions based upon the requests to admit that they had advised
> Magistrate Judge Wigenton should be addressed in deposition.  At one point Mr.
> Greenberg and Mr. Scholz conducted a lengthy question and answer between
> themselves, rather than permit the witness to testify on the record.
>
> …
>
> Virtually all of the literally hundreds of objections made by Mr. Scholz and Mr.
> Greenberg during defendants' depositions - based upon their assertions that the
> questions called for speculation or required a legal conclusion - were devoid of
> merit.  The only purpose in consistently interrupting depositions and speaking for
> the deponents was to prevent plaintiff from obtaining discovery.

4

(Reichhold's Moving Brief at 8-12).

According to Reichhold, USMRC's responses to Reichhold's 2004 interrogatories were unresponsive, initially denying knowledge of any operations on the Site and further denying that any "entities or persons leased the property or conducted operations of any kind on the Property while the Property was owned by USMRC prior to the sale of the site to plaintiff."  USMRC in 2006 supplemental responses admitted to operating the Lead Plant.

These asserted discovery abuses occurred many years ago, and during the intervening years Magistrate Judges have handled discovery disputes in this case.  There were periodic applications made before one or another of these Judges.  In a February 8, 2007, Memorandum and Order Magistrate Judge Salas described the course of discovery:

> Since Plaintiff filed its complaint over four years ago, this case has required a significant amount of judicial attention. Discovery has not proceeded along a smooth trajectory.  The first scheduling order to set a fact discovery end date was signed on November 19, 2004 (Docket Entry #54).  Since then, the Court entered a total of eight orders extending deadlines set in this November 19, 2004 Scheduling Order.

(Memorandum and Order at 2).

During the course of discovery management Reichhold moved to sanction USMRC and to compel compliance with Magistrate Judge Salas's September 20, 2006, Order.  This motion was supported by Reichhold's October 30, 2006, letter to Magistrate Judge Arleo which stated in part:

> On October 26, 2006, defendants produced an unknowledgeable Rule 30(b)(6) witness to testify concerning: (1) the operations of defendants' former lead plant on plaintiff's former property (the "Site"), and (2) defendants' diligence in identifying documents concerning the lead plant's operations.

> …

5

> Lack of Witness Preparation - In preparing for his deposition as a Rule 30(b)(6) corporate witness, Anthony Filiaci, an employee of defendants Amax Realty Development, Inc., was not aware that he was required to become knowledgeable about the former lead plant.  Filiaci was not provided any information about the lead plant and did not think there was anyone available to give him information.
>
> …
>
> USMRC's failure to adequately prepare a Rule 30(b)(6) designee should be "sanctioned based on the lack of good faith, prejudice to the opposing side, and disruption of the proceedings."  Id. at 363.  Plaintiff respectfully seeks an order: (1) directing defendants to pay Plaintiff's counsel's legal fees in preparing for and attending the purported Rule 30(b)(6) deposition . . . (4) a Rule 30(b)(6) deposition of defendants by a knowledgeable corporate representative; and (5) such other relief as the Court deems proper.

Judge Salas denied the motion for sanctions but granted in part a Reichhold motion to supplement expert reports.  This ruling was appealed to this court.  Reichhold added to its grounds for sanctions the fact that USMRC "continuously obstructed the deposition with coaching objections, speeches and constant interruptions."  This court affirmed the Magistrate Judge's finding that USMRC's Filiaci for his deposition met the standard under Rule 30(b)(6).

The Magistrate Judge had found that Reichhold's objections to USMRC's counsels' speaking objections at the October 26, 2006 deposition were out of time, because at the September 13, 2006 oral argument the court had ordered the parties to immediately advise the court via telephone concerning any obstructionist conduct during the deposition, and Reichhold's counsel failed to do so at the time of the objectionable conduct.  On the appeal this court held that Reichhold had failed to follow Magistrate Judge Arleo's instruction, and the Magistrate Judge did not abuse her discretion in barring Reichhold's objection.

At a March 30, 2005 status conference before Magistrate Judge Wigenton, Reichhold objected to USMRC's interrogatory answers as incomplete.  It also raised the issue of the

6

Responses to Requests to Admit.  Reichhold's counsel argued to the court:

> And so we feel that the request to admit go (sic) to issues that have been well
> documented, but which would require Reichhold as the plaintiff to spend an
> inordinate amount of money to have to take depositions and to obtain . . to prove
> what it knows and what I suspect USMRC knows to be truth . . And what we have
> had in response to our request to admit have just been objections, but the word
> "admit" does not appear anywhere in their responses.  They state things, they
> object to things, but they don't respond honestly.

(March 30, 2005 Transcript at 18, 19).

Reichhold's counsel referred to the numerous official or authoritative documents evidencing USMRC's use or deposition of metals such as copper, selenium, silver and lead, yet USMRC failed to respond properly to Requests to Admit with respect to such metals.  Judge Wigenton did not grant relief with respect to the Requests to Admit, directing Reichhold to pursue the information through depositions.  She did state, "I think . . I mean, obviously . . . counsel and defendants certainly know the ramifications of giving a denial that is subsequently, you know, reversed by deposition testimony or other documents."  (Id. at 33).  But the court's ultimate conclusion was, "from my perspective I really feel that the responses that I've seen have been responsive to the request to admit, given the state of the case." (Id. at 35).   Reichhold was told it could return if discovery suggested that further relief would be appropriate.  Reichhold did not return for relief in the form of sanctions until the filing of this motion.

In the court's opinion at this late date it would be totally inappropriate to reopen the question of sanctions regarding USMRC's discovery conduct concerning interrogatories propounded in 2004, Requests for Admissions propounded in early 2005 and depositions conducted in 2005.  At least three Magistrate Judges supervised the extensive, contentious discovery proceedings in this case.  They dealt with the kinds of issues that Reichhold raises in

its present motion: (1) inadequate interrogatory answers, (2) non-responsive Answers to Requests for Admissions and (3) abusive tactics by USMRC's attorneys at depositions.  The Magistrate Judges generally ruled against Reichhold, and on the one occasion when Reichhold appealed to this court, the court affirmed in all respects relevant to the pending motion.

The Magistrate Judges held open to Reichhold the option of seeking further relief, but Reichhold did not again seek sanctions from the Magistrate Judges handling the case.  If it had done so the Magistrate Judges would have been in a better position to evaluate USMRC's responses in light of the information available to it, or reasonably ascertainable by it, at the time USMRC responded to the discovery requests.

The court's opinion on the merits of this case suggests the complexity of the factual questions and the vast body of evidence that must be considered to resolve those questions.  This evidence would have to be reviewed again to determine the state of USMRC's knowledge in 2004 and 2005 and the extent of the duties of its officials and counsel during those years.  The work in this regard which the Magistrate Judges sought to perform during their supervision of discovery would have to be redone.

Reichhold's demand for the imposition of sanctions at this stage of the proceedings is unwarranted.  Consequently its motion will be denied.  The court will file an appropriate order.

Dated: June 22nd, 2009                                  *s/ Dickinson R. Debevoise*
                                                        DICKINSON R. DEBEVOISE
                                                        U.S.S.D.J.