```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY


REICHHOLD, INC.,                  :    Civil Action 03-453 (DRD)

            Plaintiff,            :

            v.                    :    **O P I N I O N**

UNITED STATES METALS REFINING     :
COMPANY, CYPRUS AMAX MINERALS
COMPANY, et al.                   :

            Defendants.           :

                                  :
_____
```

This matter comes before the Court on motion [Dkt. Entry 268] for Taxation of Costs by Plaintiff Reichhold ("Reichhold") pursuant to Federal Rule of Civil Procedure 54(d) and Local Civil Rule 54.1.  United States Metals Refining Company ("USMRC") has filed opposition to Reichhold's motion.

Reichhold, Inc., commenced this action on January 31, 2003, requesting legal and declaratory relief against USMRC pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-9675.

The trial in this matter took place during the period of January 22 to March 4, 2009.  The case was tried without a jury for eighteen days.  The Court entered final judgment in this matter on June 22, 2009 [Dkt. Entry 267] in favor of Reichhhold, Inc., and against Defendants United States Metal Refining

Company, Cyprus Amax Minerals Company, Amax Realty Development, Inc., Amax Copper, Inc., and Amax, Inc.  The parties appealed to the United States Court of Appeals.  That Court entered an order on October 2, 2009 dismissing the appeals in this matter.

**I.     Standard Awarding Costs**

Under Federal Rule of Civil Procedure 54(d), a prevailing party is entitled to costs unless the court otherwise directs.[1] Rule 54(d)(1) creates a "'strong presumption' that costs are to be awarded to the prevailing party." In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 462 (quoting 10 MOORE'S FEDERAL PRACTICE § 54.101, at 54-149); see also Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981).  If an order or judgment is silent as to costs, as it is in this matter, the natural reading of Rule 54(d) would lead one to conclude that a judgment or order allows costs because the Court had not "otherwise directed." Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co., 854 F. 2d 219, 221 (7th Cir. 1988).

a)   Prevailing Party

Reichhold asserted six claims at trial and only prevailed on four of them; therefore, according to USMRC, costs should be apportioned or entitled to costs for claims on which Reichhold

---

[1] Fed. R. Civ. P. 54(d)(1) states in relevant part: "*Costs other than Attorney's Fees*. Unless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party."

2

prevailed.  (Greenberg Opp'n to motion to tax costs.)   USMRC's argument is incorrect.  A party is a prevailing party when that party succeeds on "any significant issue in litigation which achieved some of the benefit sought in bringing the suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

In the current matter, Reichhold is the prevailing party within the meaning of Federal Rule of Civil Procedure 54(d).  See Garonzik v. Whitman Diner, 910 F. Supp. 167, 168 (D.N.J. 1995) ("A prevailing party is the one in whose favor of a judgment is rendered, regardless of whether the party has recovered its entire claim or a portion thereof.") (citing Fahey v. Carty, 102 F.R.D. 751 (D.N.J. 1983); see also, 2 Moore's Federal Practice § 54.101 (3d ed.2005) ("[t]he cases that have interpreted the 'prevailing party' language of Rule 54(d)(1) generally state simply that the prevailing party is the party in whose favor judgment was entered, even if that judgment does not fully vindicate the litigant's position in the case.").

  b) <u>Taxable Costs</u>

As noted, Federal Rule Civil Procedure 54(d)(1) states "unless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party."  28 U.S.C. § 1920 defines which costs are taxable:

>   (1) Fees of the clerk and marshal;
>   (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>   (3) Fees and disbursements for printing and witnesses;
>   (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>   (5) Docket fees under section 1923 of this title;
>   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees expenses, and costs of special interpretation services under section 1828 of this title.

While a Court does have discretion as to which costs it grants, it many not shift costs beyond those found in § 1920 without express statutory authorization to do so. Adams v. Teamsters Local 115, No. 99-4910, 2007 U.S. Dist. LEXIS 51463, at *32 (E.D.Pa. July 17, 2007)(citing Crawford Fitting Co. v. J.T.Gibbons, Inc., 482 U.S. 437, 444-45 (1987). Additionally, Local Civil Rule 54.1 "set[s] forth the general rules . . . to follow in taxing costs" under § 1920. Lite, N.J. Federal Practice Rules, Comment 4 to Rule 54.1 (Gann 2009 ed.) at 201. Therefore, while a prevailing party is entitled to costs under Rule 54 of the Federal Rules of Civil Procedure, "those costs often fall short of the party's actual litigation expenses." In re Paoli, 221 F.3d at 458 (citations omitted).

## II. Deposition Transcripts

Reichhold requests reimbursement for deposition transcripts taken in this matter in the amount of $26,488.98. Reichhold seeks only to recover the cost of deposition transcripts for

4

witnesses who testified at trial.  (Ruskin Certf. in support of motion ¶ 5.)  Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case are taxable costs under 28 U.S.C. § 1920(2).  Local Civil Rule 54.1(g)(7) states in relevant part,

> "In taxing costs, the Clerk shall allow all or part of the fees and charges incurred in the taking and transcribing of depositions used at the trial under Fed. R. Civ. P. 32. [2]  Fees and charges for the taking and transcribing of any other deposition shall not be taxed as costs unless the Court otherwise orders."

Reichhold states that the transcripts were necessary to prepare for and conduct direct and cross examination.  <u>Id.</u>  The Clerk finds the deposition transcripts taken in this matter were necessarily obtained for "use" in the case.  28 U.S.C. § 1920.  The Clerk allows Reichhold to be reimbursed for the production of twenty-five stenographic transcripts and for certain expenses incurred in taking those depositions.  Therefore, the Clerk allows the amount of **$26,488.98** as taxable costs.

### III. Fees for Transcripts of Trial Proceedings

Reichhold requests reimbursement for trial transcript costs in the amount of  $21,450.  Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for

---

[2]    Fed. R. Civ. P. 32 governs use of depositions in Court proceedings such as at a trial or during a hearing of a motion "as to any part or all of a deposition, so far as admissible under the rules of evidence. . . ."

use in the case are taxable costs under 28 U.S.C. § 1920(2). Pursuant to L.Civ.R. 54.1(g)(6), "the costs of a reporter's transcript is allowable only (A) when specifically requested by the Judge, master, or examiner, or (B) when it is of a statement by the Judge to be reduced to a formal order, or (C) if required for the record on appeal." But as the comments to the Local Rules note, "the exceptions,. . ., are broad enough to cover essentially any situation where a transcript is actually used in or after a proceeding." L.Civ. R. 54.1, cmt.4(d).

In the current case, the bench trial took approximately eighteen days to complete and the Court required the parties to submit Proposed Findings of Fact and Conclusions of Law. Under such circumstances, taxation of costs is appropriate pursuant to 28 U.S.C. § 1920(2). See, e.g., Maris Distrib. Co. v. Anheuser-Busch, Inc., 302 F.3d 1207, 1226 (11th Cir. 2002). Costs for daily trial transcripts may be viewed as "ordinary litigation expenses" that are recoverable " ' where essential to a large or complex cases.' " Ricoh Corp. v. Pitney Bowes, Inc., No. 02-5639, 2007 WL 1852553 at *3 (quoting L. Civ. 54.1 cmt.4). Noting the length and complexity of the case, the Clerk permits the cost for trial transcripts as a taxable cost in the amount of **$21,450.00.**

**IV.   Computerized Legal Research**

Reichhold requests reimbursement of $22,138.23 in connection with computerized legal research performed in this matter. Generally, federal courts may not grant costs unless such costs are authorized by Section 1920. Crawford Fitting Co., 482 U.S. at 441 (holding that "§ 1920 defines the term 'costs' as used in Rule 54(d)"). Computerized legal research is not a listed item for costs under 28 U.S.C. § 1920. Boyadjian v. Cigna Cos., 994 F. Supp. 278, 281-82 (D.N.J. 1998) (citing Crawford Fitting, 482 U.S. at 441; W.Va. Univ. Hosps., Inc. v. Casey, 499 U.S. 83, 93 (1991)); but see Ricoh Corp. v. Pitney Bowes, Inc., No. 02-5639, 2007 WL 1852553 (D.N.J. June 26, 2007) (allowing computerized legal research expenses in a complex case as taxable costs). Moreover, expenses paid by a party regarded as ordinary incidents to litigation are generally not recoverable as taxable costs.

Accordingly, the Clerk denies the expenses incurred by Defendants for computerized legal research conducted in this matter because taxation of costs is limited to those costs enumerated in Section 1920.[3] Unlike the British courts, the American tradition of awarding costs does not provide for total reimbursement for litigation expenses. See In re Paoli, 221 F.3d at 457-58, (discussing the policy origins of Fed. R. Civ. 54(d) and 28 U.S.C. § 1920).

---

[3] Section 1920 was amended in 2008, amending subsections (2) and (4). This amendment did not add "legal research" as a category for costs.

7

It should be noted, that expenses incurred for computerized legal research may still be recovered under other statutory provisions.  For example, courts have used attorney fee applications under 42 U.S.C. § 1988 to determine what nontaxable expenses related to attorneys' fees were authorized in a particular case.  <u>Abrams v. Lightolier, Inc.</u>, 50 F.3d 1204, 1224 (3d Cir. 1995).  Similarly, in <u>United States v. Scheingold</u>, 293 F.Supp. 2d 447, 453 (D.N.J. 2003), cited in <u>Lite, N.J. Federal Practice Rules</u>, Comment 4(i) to L. Civ. R. 54.1 (Gann), the prevailing party filed a post trial motion for attorneys' fees in a federal tax matter which proceeded to trial.  In that case, the court granted attorneys' fees and costs under 26 U.S.C. § 7430 of the Internal Revenue Code, not under Section 1920, which provided for the award of litigation costs such as electronic research and postal expenses to a prevailing party in a suit against the Internal Revenue Service.

**V.    Photocopying**

Reichhold requests to be reimbursed the amount of $1,125.00 for costs incurred to copy all of their exhibits and common exhibits.  Fees for making copies of any materials where the copies are necessarily obtained for use in the case are considered taxable costs.  28 U.S.C. § 1920(4).

Reichhold was required to photocopy all of its exhibits for trial and provide a copy to opposing counsel and to the court.

8

Even though Reichhold's invoice in support of this expense is not clear as to the number of pages copied and at what price per page, the Clerk deems the amount of **$1,125.00** to be a taxable cost.

### VI. The Following Expenses Allowable as Taxable Costs

| | |
|---|---|
| Deposition Transcripts | $26,488.98 |
| Trial Transcripts | $21,450.00 |
| Electronic Research | Denied |
| Photocopy | $ 1,125.00 |
| **Total** | **$49,063.98** |

For the reasons set forth above, motion of Plaintiff REICHHOLD, INC. to tax costs against Defendants UNITED STATES METAL REFINING COMPANY, CYPRUS AMAX MINERALS COMPANY, AMAX REALTY DEVELOPMENT, INC., AMAX COPPER, INC., and AMAX, INC., is hereby Granted in part and Denied in part. An appropriate Order follows.

                                WILLIAM T. WALSH, CLERK

                                BY: <u>S/John T. O'Brien</u>
                                        Deputy Clerk

DATE: November 6, 2009